IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHNNY CULP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:09-CV-115-O |
| | ) | |
| TEXAS WORKFORCE COMMISSION | ) | |
| and MARIA FARIAS, | ) | |
| Defendants. | ) | |

## FINDINGS AND RECOMMENDATION

Pursuant to the District Court's Order of Reference (Docket No. 4), in July, 2009 I conducted a review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915. Plaintiff had been allowed to proceed *in forma pauperis* (Docket No. 3.) The only potential basis for this Court's jurisdiction of Plaintiff's complaints is a potential claim of racial discrimination in a disability eligibility determination. Having determined that Plaintiff's Complaint was wholly conclusory in its allegations of racial discrimination, I directed certain Court's Interrogatories and Questionnaire to the Plaintiff for Response (Docket Nos. 5 and 10). The Questionnaire was again mailed by the Court Clerk to the Plaintiff (Docket No. 11) but Plaintiff has wholly failed to respond to the Court's Third Questionnaire. (Docket No. 10.) In the absence of any responses, I find that Plaintiff has failed to timely prosecute his claim.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

I find that since the incident about which Plaintiff complains occurred on or about June 8, 2009, dismissal of this case will not result in time barring Plaintiff from filing or re-filing a proper complaint in a proper court. Accordingly, I recommend to the District Court that Plaintiff's Complaint be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution for failure to obey this Court's Order to answer the Court's questions.

It is so FOUND and RECOMMENDED this 18th day of February, 2010.

*Robert K. Roach*

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

**<u>Notice to Litigant</u>**

In the event that you wish to object to this findings and recommendation, you are hereby notified that you must file your written objections within fourteen days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such fourteen-day period may bar a *de novo* determination by the District Judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected  proposed findings of fact and conclusions of law accepted by the District Court.